DIEMER, APPELLEE, *v.* THE PUTNAM COUNTY FARMERS MUTUAL INS. CO., APPELLANT.

312

(No. 355—Decided June 5, 1947.)

*Messrs. Unverferth & Unverferth,* for appellee.
*Mr. Claud L. Recker,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Putnam county, in an action wherein the appellee herein, Clarence C. Diemer, was plaintiff, and the appellant herein, The Putnam County Farmers Mutual Insurance Company, was defendant.

The action is one brought on a policy of insurance, issued to plaintiff by the defendant against loss or damage by fire, lightning and storm, to recover from the defendant the value of 12 acres of grain, to wit, wheat; three acres of grain, to wit, rye; 15 acres of feed, to wit, straw; and 15 acres of feed, to wit, clover and alfalfa, destroyed by fire while growing on the premises occupied by plaintiff in Van Buren township in Putnam county.

In his petition the plaintiff alleges the value of the respective items mentioned to be as follows: Wheat, $700; rye, $162; straw, $180; clover and alfalfa $100, a total of $1,142.

The straw mentioned is the straw included in the growing wheat and rye, and the alfalfa mentioned is that growing on the same field as the growing wheat and rye. The growing wheat and rye were mature and ready for harvesting. The alfalfa was not in seed.

All the items mentioned are claimed by the plaintiff to come within the description of "hay, grain and feed" insured against loss by fire, lightning and storm, under the terms of the policy, for the sum of $1,000.

In the agreed statement of facts incorporated in the bill of exceptions, all facts essential to a recovery by plaintiff are admitted, except the value of the various items mentioned and that such items are comprehended in the description in the policy, of the property insured.

The cause was tried to a jury which returned a verdict in favor of the plaintiff in the lump sum of $800, and judgment was thereafter duly entered on the verdict.

That is the judgment from which this appeal is taken.

There are a number of assignments of error, including various claimed errors in the charge and in that the verdict and judgment are contrary to law, all based on the general contention of defendant that the items of property in question being growing crops do not come within the description of "hay, grain and feed" insured against loss in the policy, so a consideration of that contention will be determinative of all claimed errors in the cause.

The rule that an insurance contract, the terms of which are open to more than one construction, shall be construed in favor of the insured is usually applied indiscriminately to policies of stock and mutual companies. 29 American Jurisprudence, 186, Insurance, Section 167.

The only case we have been able to find holding that the rule of construction mentioned is inapplicable to policies of mutual insurance companies issued to their members, is the case of *Rickel* v. *Republic Mutual Fire Ins. Co.*, 129 Kan., 332, 282 P., 757. The reasoning upon which that decision is based is that a member of

a mutual insurance company, to whom the company has issued a policy, occupies the dual position of insurer and insured and, dealing with himself, is not entitled to a favorable construction in his capacity as the insured.

The Ohio courts apparently follow the general rule of construction above mentioned without regard to whether the insurer is a stock company or a mutual company. 22 Ohio Jurisprudence, 340 to 344, Insurance, Section 185.

However, in the view we take of this case it is unnecessary to resort to the rule of construction mentioned, as the proper construction may be ascertained under the cardinal rule of construction for determining the intention of the parties, from the language used in their agreement and the surrounding circumstances.

It will be noted that in the policy of insurance there is no qualification of the descriptive phrase ''hay, grain and feed,'' or of the items severally mentioned in the description as being the property insured.

However, it is not contended that any such items come within the category of ''hay,'' so it is only necessary to determine the sense in which ''grain'' and ''feed'' are used in such phrase.

In 38 Corpus Juris Secundum, 975, the word ''grain'' is defined as follows:

''A generic term, defined collectively as the unhusked or the threshed seeds or fruits of various food plants, now usually the cereal grasses, but in commercial and statutory usage also flax, peas, sugar-cane seed, etc., the fruit of certain plants which constitute the chief food of man and beast; a kernel, especially of those plants, like wheat, whose seeds are used for food; a single small seed; a small hard seed; specifically a seed of one of the cereal plants collectively, the gathered seed of cereal plants in mass, also the plants themselves, whether standing or gathered.

Sometimes the term is used to designate a crop in a field, or cereals in the straw. In accordance with the context or the connection in which it is employed the term may include barley, bran, broom corn, corn in general, corn and millet hay, flax, hay or stalk, maize, malt or malted barley, millet, millet hay, oats, peas, rye, sugar-cane seed, and wheat; but it has been held not to include cottonseed meal.''

The word "grain" is defined in substantially the same manner in 20 Cyc., 1288; and in 28 Corpus Juris, 757, and that part of the definition reading "Also, a term sometimes used to designate a crop in a field, or cereals in the straw," is adopted in the Century Dictionary.

It would, therefore, appear that the word "grain" is properly used to designate a crop of wheat or rye growing in a field, and the plants themselves, whether standing or gathered, so that the growing wheat and rye in the instant case come within the description of "grain" in the policy of insurance. As used, the word "grain" comprehended both the kernels and the stalks upon which the kernels were growing. The loss occasioned by the fire was the market value of the standing grain, including the kernels and the stalks, to be ascertained by computing the market value of the kernels as harvested, and the market value of the stalks as harvested, less the cost of harvesting the same, and in case such kernels of grain and the stalks were intended to be marketed instead of for use on the premises, less the cost of marketing the same.

The stalks of grain, after the kernels are removed, constitute straw, the value of which is part of the value of the standing grain, and such stalks do not come within the policy description of "feed," as separate and apart from "grain," and the court erred in

submitting the question of the value of the straw to the jury, under the classification of "feed."

In Webster's International Dictionary, Second Edition, the noun "feed" is defined as "Food, especially for livestock; fodder. A food; a mixture or preparation used for feeding livestock."

In this vicinity it is generally used to designate a mixture or preparation used for feeding livestock; that is, a processed food, and is not used to designate growing grass, clover or alfalfa, so that the growing alfalfa did not come within the description of "feed" in the policy and the plaintiff was not entitled under the terms of the policy to recover for its loss, but was entitled to recover only for the loss of the growing or standing wheat and rye.

It is impossible to determine from the record in the case and the verdict of the jury, what part of the recovery by the plaintiff is attributable to the loss of the standing wheat and rye, or the loss of the growing alfalfa, and it is consequently impossible for the court to order a reduction of the judgment to the amount attributable to the loss of the standing grain.

The verdict is contrary to law insofar as it includes any amount for the loss of the growing alfalfa, and for that error and the error in the submission of the question of the value of the straw to the jury, under the classification of "feed," the judgment will be reversed and the cause remanded for a new trial and further proceedings in accordance with this opinion, at the costs of the appellee.

*Judgment reversed.*

JACKSON, P. J., and MIDDLETON, J., concur.